**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMAN PAUL BLANCO, | No. 19-55609 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-04795-JVS-KS |
| v. | |
| I. PETE, Individual; DEBBIE ASUNCION, Warden, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted July 14, 2020**

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

California state prisoner Norman Paul Blanco appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First

Amendment claims related to his incoming legal mail.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo a district court's dismissal of a complaint

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for failure to state a claim under 28 U.S.C. § 1915A. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). We affirm.

The district court properly dismissed Blanco's action because Blanco failed to allege facts sufficient to show that defendants personally participated in or otherwise caused the opening of his incoming legal mail on four occasions in 2017 and 2018. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents that were not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**